NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE DION GISPANSKI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>P D BRAZELTON, Warden,<br>Pleasant Valley State Prison,<br><br>　　　　　Respondent. | NO. ED CV 13-02284-MWF-MRW<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (*en banc*), Petitioner and Respondent, through their respective counsel, hereby stipulate, agree, and request that this Court enter the following Protective Order regarding (1) documents and materials, including declarations, materials derived from the trial team, or trial counsel files that Petitioner provides to Respondent during this habeas action; (2) any related testimony provided ~~at an evidentiary hearing or~~ through discovery in this matter and any statements made in pre-hearing investigation~~; and (3) any reference to such documents, testimony, or statements in the parties' pleadings submitted to the Court.~~ [This Protective Order pertains to litigation preceding any evidentiary hearing this Court may hold in this case and does not address the testimony provided at any evidentiary hearing in this matter.]

    1.    Declarations from trial counsel or trial team members, materials from Petitioner's trial counsel's files (including the files of other defense team members) produced to the Respondent in this matter ~~or filed with or otherwise submitted to this Court~~, shall be subject to this Protective Order ~~and shall remain confidential and sealed~~. ~~At the evidentiary hearing to be held in this case or~~ during discovery, any testimony or statements by Petitioner, Petitioner's experts, trial counsel, and any trial defense team member shall be subject to this Protective Order ~~and shall remain confidential and sealed~~. Petitioner contends that the testimony provided by these witnesses is subject to claims of privilege and/or protected from disclosure by the attorney work product doctrine.[1]

    2.    All privileged documents, testimony, and statements produced or made to Respondent in this action may be used only for purposes of litigating this habeas corpus proceeding by (a) Petitioner and the members of his legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Gispanski v. Brazelton* by the

---

[1] Materials and testimony subject to a privilege and/or subject to the attorney work product doctrine will be referred to collectively hereinafter as "privileged" materials.

1

1  Office of the Federal Public Defender, and persons retained by Petitioner's counsel to
2  litigate this matter, including, but not limited to, outside investigators, consultants and
3  expert witnesses; and (b) Respondent and the members of his legal team, i.e., lawyers,
4  paralegals, investigators, and support staff, assigned to *Gispanski v. Brazelton* by the
5  California Department of Justice, Attorney General's Office, and persons retained by
6  Respondent's counsel to litigate this matter, including, but not limited to, outside
7  investigators, consultants, and expert witnesses. This Protective Order extends to
8  members of the legal teams and all persons retained by the parties to litigate this matter.
9  All such individuals shall be provided with a copy of this Protective Order.
10         3.      Except for disclosure to the persons and agencies described in Paragraph
11 2, disclosure of the contents of the privileged documents, testimony, statements, and the
12 privileged documents, testimony, and statements themselves shall not be made to any
13 other persons or agencies, including, but not limited to, prosecutorial agencies and law
14 enforcement personnel, without this Court's order.
15         4.      Documents, testimony, and statements that Petitioner contends are
16 privileged shall be clearly designated as such by labeling the documents or testimony in
17 a manner that does not prevent reading the text of the document.
18         ~~5.      All documents and testimony designated as privileged by Petitioner that~~
19 ~~are submitted to this Court shall be submitted under seal in a manner reflecting their~~
20 ~~confidential nature and designed to ensure that the privileged material will not become~~
21 ~~part of the public record. At the evidentiary hearing to be held in this matter, privileged~~
22 ~~testimony shall be clearly designated as such by marking the transcripts of the~~
23 ~~proceeding. Any pleading or other papers served on opposing counsel or filed or lodged~~
24 ~~with the Court that contains or reveals the substantive content of the privileged matter~~
25 ~~shall be filed under seal, and shall include a separate caption page that includes the~~
26 ~~following confidentiality notice or its equivalent:~~
27 #
28              ~~"TO BE FILED UNDER SEAL~~

1  ~~THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION~~
2  ~~SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS~~
   ~~CONTENTS DISPLAYED OR DISCLOSED"~~
3

4     6. ~~If privileged documents or documents containing privileged matters are~~
5 ~~filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes~~
6 ~~prominently marked with the caption of the case and the foregoing Confidentiality~~
7 ~~Notice. The Clerk of the Court is directed to maintain the confidentiality of any~~
8 ~~documents filed in accordance with the above. Insofar as reasonably feasible, only~~
9 ~~confidential portions of the filings shall be under seal, and the parties shall tailor their~~
10 ~~documents to limit, as much as is practicable, the quantity of material that is to be filed~~
11 ~~under seal. When a pleading or document contains only a limited amount of privileged~~
12 ~~content, a party may file a complete copy under seal and at the same time file on the~~
13 ~~public record an additional, redacted version of the document, blocking out the limited~~
14 ~~matter comprising the confidential portions.~~

15     7. Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (*en banc*),
16 disclosure of documents from trial counsel's files in this action, and any related
17 testimony by Petitioner or members of Petitioner's trial team at a deposition, pre-
18 hearing investigation ~~or evidentiary hearing~~ in this case, does not constitute a waiver of
19 Petitioner's rights under the Fifth and Sixth Amendments to the United States
20 Constitution in the event of any retrial.

21     ~~8. Previously Filed or Lodged Papers: No later than 30 days after the filing~~
22 ~~of this Protective Order, Petitioner shall identify any other previously filed or lodged~~
23 ~~pleading, order, declaration, transcript, or other document or item, or any part thereof,~~
24 ~~that contains or discloses the substance or content of the privileged matter. For each~~
25 ~~such item, following consultations with Respondent, Petitioner shall file a Redacted~~
26 ~~Version of the item, blocking out the matter comprising the privileged matter; and for~~
27 ~~each such originally filed item, Petitioner shall supply the clerk with a "To Be Filed~~
28

1 ~~Under Seal" caption page and envelope that conform to the Privileged Caption, and the~~
2 ~~clerk shall insert the filed or lodged item in the envelope, seal the item, and re-file it~~
3 ~~under seal.~~

4     9.    This Order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this Order shall only be made upon notice to and an opportunity to be heard from both parties.

8     **10.**    **Any party wishing to file material under seal with the Court will comply in full with the sealing application provisions of Local Rule 79.**

IT IS SO ORDERED.

DATED: March 30, 2016

                                              HONORABLE MICHAEL R. WILNER
                                              United States Magistrate Judge

Presented by:

/s/ Michael D. Weinstein
MICHAEL D. WEINSTEIN
Deputy Federal Public Defender

Attorneys for Petitioner
KYLE DION GISPANSKI


/s/ Kimberley A. Donohue
KIMBERLEY A. DONOHUE
Deputy Attorney General

Attorneys for Respondent
P D BRAZELTON